150 So. 3

## EXCHANGE NAT. BANK v. WALDRON LUMBER CO. et al.

### No. 32033.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

W. H. Scheen, of Shreveport, and Bertram F. Barnette, of Arcadia, for appellant.

Herold, Cousin & Herold, of Shreveport, and Goff & Goff, of Arcadia, for appellee.

BRUNOT, Justice.

This suit is for the purchase price of certain timber, represented by a mortgage note; for the recognition and enforcement of the lien and special mortgage securing the payment of the note, interest thereon and attorney's fees; and, against S. H. Bolinger & Co., as codefendant and guarantor. Waldron Lumber Company made no defense; accordingly, a judgment by default was rendered against it. Issue was joined as to the demand upon S. H. Bolinger & Co. and the trial thereof terminated in a judgment in favor of the plaintiff and against this defendant for the sum of the note, with 8 per cent. per annum interest thereon from May 24, 1930, together with 10 per cent. on the principal and interest of the note as attorney's fees, and for the costs of the suit. S. H. Bolinger & Co. appealed from said judgment. The validity of the appeal bond was questioned by a rule filed in the trial court, but that incident is foreclosed by the judgment thereon, and it is now merely water that has passed under the bridge.

The note sued upon is for $4,620, with interest and attorney's fees, as stated. The ground upon which the appellant is sought to be held liable, as guarantor or surety, is

because the vice president of S. H. Bolinger & Co. wrote the plaintiff the following letter:

"Shreveport, La., May 27th, 1930.

"Exchange National Bank, Shreveport, La.

"Att: Mr. Bartee.

"Dear Mr. Bartee: Referring to the contract that Mr. Waldron has made with Mr. Hammer and note for $4620.00, Said note to be extended if necessary and to be liquidated through the payment of $3.50 per thousand feet for said timber as cut; he agreeing to start operation on the timber in year from this date.

"We agreed that we would give you a letter advising that we are behind Mr. Waldron and financing him and we feel that you are perfectly safe on this sort of a contract and we are agreeing to have Waldron start cutting this timber according to the terms of the contract."

The agreement, between the maker of the note and the liquidator of the plaintiff bank, to which the quoted letter refers, is written on the back of the note, and is in the following words:

"It is agreed between James S. Bartee, the holder of this note and Waldron Lumber Company, that upon the maturity of this note the maker shall have the privilege of one year's extension by beginning to cut the timber securing said note and applying Three and 50/100 dollars per thousand feet upon said note as said timber is cut."

The theory of the plaintiff is that the quoted letter, written by the vice president of S. H. Bolinger & Co., creates a suretyship binding upon said defendant, and, inasmuch as

suretyship is an accessory promise by which a person binds himself for another, already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not (Civ. Code art. 3035). S. H. Bolinger & Co. is bound, in solido, with the maker of the note. Unfortunately for the plaintiff and appellee in this case, its theory is based upon a false premise. The contention of the appellant is twofold. First, suretyship cannot be presumed. It should be expressed, and it is to be restrained within the limits intended by the contract. Civ. Code art. 3039. Second, contracts made by corporations beyond the scope of their express or implied powers are void. Robert Gair Co. v. Columbia Rice Packing Co., 124 La. 193, 50 So. 8, and the authorities cited in that case.

We have read the record and find that the letter the plaintiff relies upon was written without corporate authority, and, if it could be held to be a contract of guarantee or suretyship, such a contract, even if authorized, would be ultra vires of the power of the corporation, and void. In our opinion, it would require a strained and unauthorized construction of the quoted letter to hold that it expresses any intention on the part of S. H. Bolinger & Co. to guarantee the payment of the note sued upon, or any part of said note, and the plaintiff's contention to the contrary is a gratuitous assumption, insufficient in law and fact as a predicate for this suit against the appellant.

Incidental matters were injected in the suit, notably the Waldron Lumber Company and W. L. Hammer contract in connection with the note sued upon, but the testimony shows that as soon as the note was executed

it went direct to the liquidator of the plaintiff bank.

For the reasons stated, it is our conclusion that the judgment appealed from should be avoided and reversed, and it is so decreed. It is further decreed that the suit, as to the appellant, be dismissed, and that appellee pay the costs thereof in both courts.