CHASEZ, Judge.
Plaintiff, American Casualty Company, sued defendant, John S. Howard Agency, Inc., for money due under an agency contract; further joined as defendants, were Roy F. Cook, George S. Stringer, Jr., and John S. Howard, individually, under an agreement of suretyship guarantee. The original petition alleged that the sum of $2,015.40 was due. Subsequently, the petition was amended, stating that plaintiff had correspondence from John S. Howard admitting a balance due of $1,912.22, and remitted the demand to that amount. After a trial on the merits, judgment was rendered in favor of plaintiff and against defendants in solido for the sum of $1,912.22, with legal interest from judicial demand and costs. From this judgment all of the defendants appeal.
*356 The plaintiff, in June of 1959, entered into an agency agreement with John S. Howard Agency, Inc., whereby the Agency was to sell, on a commission basis, insurance underwritten by the plaintiff. This agreement was signed by the three defendants. At the same time, the following guarantee agreement was executed:
“GUARANTEE AGREEMENT ON INCORPORATED AGENCY
“The undersigned, being officers of John S. Ploward Agency, Inc. a corporation of the State of Louisiana do jointly and severally guarantee to the AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and/or the VALLEY FORGE INSURANCE COMPANY, the payment by said corporation of all sums due or to become due, and the fulfillment by said corporation of all obligations, under its Agency Contract with the American Casualty Company of Reading, Pennsylvania and/or the Valley Forge Insurance Company.
“Signed, Sealed and Dated, This 22nd day of June, 1959.
“In The Presence of
“/s/ Gloria V. Probst /s/ John S. Howard_L.S. John S. Howard, President
“/s/ Monte J. Ducote /s/ George S. Stringer, Jr._L.S. George S. Stringer, Vice President
“/s/ C. Blackstock /V Roy F. Cook_L.S. Roy S. Cook, Secretary Treasurer”
The above instrument is the basis for the individual demands against the defendants, John S. Howard, George C. Stringer, Jr., and Roy S. Cook. These defendants urge that they are not bound individually for the debt herein sued upon and further that plaintiff has not met its burden of proof.
Primarily, they argue that they are not bound on the debt for the reason that they signed the guarantee agreement only in the capacity of officers of John S. Howard Agency, Inc. We think this argument is without merit for a complete reading of the agency agreement and guarantee indicates that they signed the guarantee individually and the designation of their offices merely relate to the first part of their guarantee. The agency agreement was signed by all three officers and to construe the guarantee agreement signatures as being only in their capacity as officers of the corporation, thereby binding only the corporation would give no meaning to the instrument.
The Agency was certainly bound to pay the premiums collected under the agency agreement. If the individuals signed the guarantee for the Agency, the Agency would have guaranteed performance of an agreement on which it was already bound. This interpretation would render the guarantee worthless. The agency agreement and guarantee must be interpreted together (See LSA-C.C.1949) and in a manner that will render it effective (See LSA-C.C.1951).
The guarantee, obviously then is the personal guarantee of the officers individually that the obligations of the Agency under the agreement would be performed. We, therefore, conclude that the defendants, John S. Howard, George C. Stringer, Jr., and Roy F. Cook, are individually bound for the debt created under the Agency Contract
*357 The second contention of the defendants is that the plaintiff did not meet its burden of proof. The defendants do not have records showing how much money is owed under the Agency Contract for such records were destroyed by fire. The plaintiff attached to its pleadings IBM records showing the amount due and owing by the Agency to be the sum of $2,-006.82. Subsequently, the petition was amended and the demand remitted to $1,-912.22 on the basis of a letter by John S. Howard, dated October 14, 1963, addressed to plaintiff’s counsel, which stated that after certain credits were applied to the current items due plaintiff by the John S. Howard Agency, Inc., the balance due was reduced to $1,912.22. This letter and the IBM records of the plaintiff were the main proof offered to prove the amount of the debt.
At the trial, the defendant, John S. Howard, admitted receiving the billing for the amount of $2,006.82. He indicated that his letter of October 14, 1963, was in answer to the receipt of the $2,006.82 bill. The defendants contend that the reference to the sum of $1,912.22 was not an acknowledgment but merely a figure from which to begin negotiations. The trial court, relying on the above evidence, stated that it had no doubt that the defendants owed a sum of money to the plaintiff (since this was admitted) but there was question as to the amount. The court stated that the strongest possible proof of the amount of the debt had been presented. The court held there was no basis for inferring that Mr. Howard was considering negotiations in his October 14, 1963, letter for he did not make any reservations. Thus the court, relying on the records offered by the plaintiff, and the admission in the letter of October 14, 1963, gave judgment to plaintiff for $1,-912.22.
The defendants contend that on this question of fact the judgment of the trial court is manifestly erroneous. After a review of the record, we do not believe that the conclusion reached by the trial court was manifestly erroneous or that the plaintiff has failed to meet his burden of proof. Since we conclude that the officers did individually guarantee remittance of any amounts due under the Agency Contract and that plaintiff has proved the amount of his claim, the judgment of the trial court will be affirmed at defendant’s cost.
Affirmed.