MOTION TO DISMISS
CULPEPPER, Judge.
Plaintiff-appellee, Anna Lee Vincent, filed this Motion to Dismiss this appeal on the grounds that the defendant-appellant, David Franklin Lewis, Jr., had “confessed” judgment so as to deny him the right to an appeal under LSA-C.C.P. Art. 2085.
Plaintiff filed a petition for alimony and child support on October 20, 1972. On November 20, 1972, plaintiff filed a request for admissions under LSA-C.C.P. Art. 1496. The defendant did not file an answer either to plaintiff’s petition or to plaintiff’s request for admissions, nor did he make any appearance, and a preliminary default was entered against him on December 14, 1972, which default was confirmed on January 2, 1973. This judgment ordered the defendant to pay to the plaintiff, for herself and for the care of her children, as alimony and child support, the sum of $200.00 per month.
On January 4, 1973, the defendant filed, in proper person an answer to the plaintiff’s petition and answers to plaintiff’s request for admissions under LSA-C.C.P. Art. 1496. The defendant then perfected an appeal to this court on February 5, 1973.
Article 2085 LSA-C.C.P. reads as follows :
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
We interpret plaintiff’s position to be that by allowing plaintiff to confirm a default judgment against him, the defendant has “confessed” judgment and thus precluded his right to an appeal under LSA-C.C.P. Art. 2085. Plaintiff cites no authority for this contention, other than to quote LSA-C.C.P. Art. 2085 in his Motion to Dismiss, and we can find none.
A confession of judgment so as to preclude an appeal under LSA-C.C.P. Art. 2085 must be a “judicial confession”. See Official Revision Comment (b) West LSA-C.C.P. Art. 2085. Since the defendant filed no answer, nor made any appearance in the trial court prior to judgment, we fail to understand how he could be considered to have made a “judicial confession”.
Plaintiff’s contention that the defendant’s failure to timely answer plaintiff’s request for admissions under LSA-C.C.P. Art. 1496 amounts to a “confession” of judgment under LSA-C.C.P. Art. 2085 is also erroneous. In Voisin v. Luke, 249 La. *416 796, 191 So.2d 503 (1966), our Supreme Court held that:
“ . . . the purpose ‘is to require admission of matters which ought to be admitted, or ivhich will not he disputed at the trial, so that the time, trouble and expense required to prove them may he avoided’. Metropolitan Life Ins. Co. v. Carr, D.C., 169 F.Supp. 377. As otherwise stated, its purpose is to eliminate the necessity of proving uncontroverted facts. It may not, therefore, be applied to a controverted legal issue lying at the heart of a case. (The emphasis has been supplied).An untimely answer should never, therefore, automatically result in an admission, since the suppression of the real facts might result.”
See also Official Revision Comment (d) West LSA-C.C.P. Art. 1496.
For the reasons assigned, the Motion to Dismiss is denied.
Motion denied.