DUFRESNE, Judge.
Plaintiff, Keller Industries, Inc., instituted this suit against defendants, Deauville Consultants, Inc. and Henry Eikel, III, as solidary obligors on an open account. The trial court rendered judgment in favor of plaintiff for the principal amount as well as interest, together with attorney fees and all costs of the suit.
The trial court reasoned in its judgment that the defendant, Henry Eikel, III was the surety on an open account entered into with the' plaintiff and Deauville Consultants, Inc., d/b/a Deauville Properties, Inc. From this judgment only the defendant, Henry Eikel, III has appealed. The defendant assigns the following errors:
(a) there never existed a clear and precise expression of suretyship.
(b) parole evidence was inadmissible to support the existence of a suretyship.
(c) the open account sued upon was not that of Henry Eikel, III.
The facts of this appeal are simply undisputed. Evidence adduced at trial indicates that on January 8, 1980, Deauville Consultants, Inc., through its agent, Henry Eikel, III entered into a contractual arrangement seeking to obtain building materials for contracting work. During the course of the negotiations the plaintiff secured a credit application from the defendants accompanied by suretyship agreement executed by defendant, Henry Eikel, III.[1] The pertinent language of this agreement indicated that in consideration of Keller Industries, Inc., extending credit to Henry Eikel, III and Deauville Consultants, Inc. that Henry Eikel, III guaranteed the payment of any and all future obligations of Henry Eikel, III and Deauville Consultants, Inc.
Plaintiff sold and delivered on open account to defendants construction merchandise amounting to $5,343.73, the outstanding principal indebtedness. Testimony introduced at trial on behalf of the plaintiff indicates that the “credit application” dated January 2, 1980, specified on the reverse of this document that the defendant, Henry Eikel, III was a guarantor or surety of the debts of the defendant, Deauville Consultants, Inc.
Mr. Claude Robinson, regional credit manager, testified on behalf of the plaintiff that invoices of goods introduced into evidence were purchased by defendant, Deau- *638 ville Consultants, Inc. He indicated that Deauville Consultants had acknowledged said debt and also explained that Henry Eikel signed as a guarantor in order for Deauville Consultants, Inc. to open up a credit account for building materials. He also stated that he thought Henry Eikel, III, was a principal and vice-president of Deauville Consultants and that he represented himself as such and that the plaintiff would not have extended credit if they did not have a principal guaranteeing the debts of the corporation.
The plaintiff suggests to this court that the evidence presented does prove that the relationship created between Keller and Eikel meets all of the requirements of a “suretyship agreement” and that under the obligations of a surety towards a creditor, Eikel should be held solidarily liable with Deauville Consultants, Inc.
Suretyship is defined in Article 3035 of the Louisiana Civil Code:
“Art. 3035. Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not.”
A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. A surety’s contract need not observe technical formalities, but it must contain an absolute expression of an intent to be bound, Ball Marketing Enterprise v. Rainbow Tomato Co., 340 So.2d 700 (La. App. 3rd Cir.1976). It is an accessory promise by which one binds himself for another already bound and agrees with the creditor to satisfy the obligation if the principal debtor does not do so., American Indemnity Co. v. Robertson, 309 So.2d 737 (La.App. 4th Cir.1975). An agreement of suretyship must be in writing and must be explicit, Boro Industries, Inc. v. James J. Culotta, Inc., 336 So.2d 878 (La.App. 4th Cir.1976).
Parole evidence may not be used to establish either a suretyship or a promise to pay the debt of another even when admitted at trial without objection, Altex Ready-Mixed Concrete Corp. v. Employers Commercial Union Ins. Co., 308 So.2d 889 (La.App. 1st Cir.1975).
La.Civil Code Article 3039 further explains the contract of suretyship and provides:
“Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.”
Therefore, it is apparent under the previously discussed statutes and jurisprudence that we can only consider the “written agreement” involved in the instant situation in order to determine if a suretyship relationship or a continuing guaranty existed which would result in Henry Eikel, III being liable to plaintiff. The only written evidence adduced at trial concerning the claim of the plaintiff against Henry Eikel, III consists of certain letters, billing statements, and credit application received by the plaintiff from representatives of Deau-ville Consultants, Inc. and Henry Eikel, III.
Our review of the evidence and record reveals an agreement which in our opinion can only be construed as containing language sufficient to evidence an absolute expression of intent to pay the contractual debt of Deauville Consultants, Inc.
Therefore, we conclude and agree with the trial judge that plaintiffs argument that evidence presented at trial was sufficient to prove a suretyship agreement.
The award of attorney fees to plaintiff is put at issue by defendant. Attorney fees may be awarded only if authorized by statute or stipulated by contract Pelican Printing Co. v. Pecot, 216 So.2d 153 (La. App. 4th Cir.1968).
If the plaintiff was entitled to recover attorney fees from the defaulting principal debtor, Deauville Consultants, Inc., plaintiff would likewise be entitled to recover such attorney fees from the surety, Henry Eikel, III. See LSA-C.C. Arts. 3035 and 3037. We find the trial court was correct in the award of attorney fees.
*639 These fees are due as per the suretyship agreement which provides for attorney fees as a matter of contract. Furthermore, we find the trial court did not abuse its discretion in the determination of the amount of these fees.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.

. A copy of this agreement is attached as Appendix “A”.