471 So.2d 812 (1985)
McKESSON CHEMICAL COMPANY, Plaintiff-Appellee,
v.
TIDELAND CHEMICAL COMPANY, INC. and Grady Mayeaux, Defendants-Appellants.
No. 84-575.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*813 Schott and Ezell, Martin A. Schott, Baton Rouge, for defendants-appellants.
Richard L. Crawford and John D. Brady, Baton Rouge, for plaintiff-appellee.
Before FORET, LaBORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant Grady Mayeaux appeals from the trial court's judgment finding defendants Tideland Chemical Company, Inc. (Tideland) and Grady Mayeaux liable in solido to plaintiff McKesson Chemical Company (McKesson) for the sum of $9,864.14. We affirm.

FACTS
This appeal arises out of a petition on open account and personal guaranty filed by McKesson. The record shows that on October 13, 1981, Grady Mayeaux mailed to McKesson the following letter:
"Attention: Mr. J.G. Dobbins
This is a personal guaranty in the amount of $40,000 to McKesson Chemical for Tideland Chemical Incorporated. It has already been determined 60 days will be the terms of credit time.
 Sincerely,
s/Grady Mayeaux
Grady Mayeaux
President
Witness: s/Ronald Fruge
 Ronald Fruge
 s/Annette Mayeaux
 Annette Mayeaux"
Not evident from the above is that this document is written on stationary with Tideland's letterhead.
Relying, at least in part, on the above "personal guarantee," McKesson advanced to Tideland shipments of chemicals and other goods. From October, 1981, through April, 1982, Tideland received on credit $9,864.14 worth of goods. Then, sometime in April, McKesson informed Tideland, through Grady Mayeaux, that credit would no longer be extended. Mr. Mayeaux testified that he received a demand letter, mailed by McKesson on June 25, 1982, for the amount of $9,864.14.
On June 30, 1982, Grady Mayeaux mailed to McKesson the following memo:

*814 "Attention: Mr. J.G. Dobbins
On October 13, 1981 a personal guaranty was signed with the terms being net 60 days. Your company did not hold up to the agreement so the guaranty is null and void the day it was signed.
 Thank you,
 s/Grady Mayeaux
 Grady Mayeaux
 President"
This memo is also written on stationary with Tideland's letterhead.
McKesson filed suit against Tideland and Grady Mayeaux on October 22, 1982. The trial judge found that Grady Mayeaux personally guaranteed McKesson the payment of Tideland's debts up to $40,000 and that any attempt by Mr. Mayeaux to nullify the guarantee could only affect future charges; he could not do so retroactively. The trial judge rendered judgment in favor of McKesson and against both defendants in solido. Mr. Mayeaux appeals contending that the trial judge erred in applying La. Civ.Code arts. 1957 and 1958 which state that any ambiguity or doubt in a contract shall be construed against the person who has prepared it. He also contends that the trial judge erred in construing the letter of Oct. 13, 1981, as a personal guarantee in that the letter was signed by Mr. Mayeaux in his capacity as President of Tideland.

ISSUE
The determinative issue of this appeal is whether Grady Mayeaux, by his letter of October 13, 1981, made an expressed intent to act as surety for Tideland in payment of its debt to McKesson. La.Civ.Code art. 3039.
The evidence shows that there was a "personal guarantee" made to McKesson. The question is: who made the guarantee? Was it Grady Mayeaux in his individual capacity or was it Tideland, being represented by its president Grady Mayeaux?
A contract of "guarantee" is equivalent to a contract of "suretyship" and the two terms may be used interchangeably. Boyle v. Fringe Facts, Inc. 414 So.2d 1333, 1338 (La.App. 2nd Cir.1982) [citing Ball Marketing Enterprise v. Rainbow Tomato Company, 340 So.2d 700, 701 (La.App. 3rd Cir.1976)]. The code sets forth special rules for this nominate contract. See La.Civ.Code arts. 3035-3070. The contract of suretyship is subject to these special rules when they modify, complement or depart from the general rules of contract. La.Civ.Code art. 1778;[1]e.g., Ball Marketing, 340 So.2d at 702. As explained in Ball Marketing, the rule that ambiguous language in a document should be construed against the party who drafted it does not take precedence over the rule that a contract of suretyship cannot be presumed. Id. Therefore, the trial judge erred when he construed "any ambiguity" in the document dated October 13, 1981, against Gary Mayeaux, the person who prepared it. However, we find no ambiguity in the document in question. We find the document is unambiguous in its conveyance of a personal guarantee by Grady Mayeaux to McKesson for the payment of Tideland's open account. See American Casualty Co. v. Howard, 175 So.2d 355 (La.App. 4th Cir.), writ refused, 248 La. 360, 178 So.2d 654 (1965).
When the special rules for a contract of suretyship are silent, the contract is subject to the rules for contracts in general. La.Civ.Code art. 1777;[2]accord, Ferrell v. South Central Bell Telephone Co., 403 So.2d 698, 700 (La.1981). Accordingly, the document in question must be interpreted in a sense for it to render some *815 effect, rather than in a sense which would render it nugatory. La.Civ.Code art. 1951;[3]Howard, 175 So.2d at 356.
In Howard, an insurer instituted action against the John S. Howard Agency, Inc., for money due under an agency contract and against defendants, Cook, Stringer, and Howard, individually, under an agreement of suretyship guarantee. Howard, 175 So.2d at 355. Cook, Stringer, and Howard argued that they were not bound on the debt because they signed the guarantee agreement only in their capacity as officers of the John S. Howard Agency, Inc. Id. at 356. These individuals signed their names to the guarantee on a line under which was typed their name and their official capacity with the Agency. Id. The court found that if the individuals signed the guarantee for the Agency, the Agency would have guaranteed performance of an agreement on which it was already bound. Id. The court concluded that such an interpretation would render the guarantee worthless; a result contrary to La.Civ.Code art. 1951. Id. Therefore, the court held the defendants individually bound for the debt created under the agency contract. Id.
The present case is similar to Howard. As in Howard, Grady Mayeaux signed his name to the "personal guarantee" on a line under which was typed his name and his official capacity with Tideland. As in Howard, if this court finds that Mr. Mayeaux signed the guarantee for Tideland, Tideland would have guaranteed performance of an agreement on which it was already bound. We shall not interpret the letter of guarantee in a way as to render its effect worthless. Therefore, when we interpret the agreement between Tideland and McKesson, in which Tideland agreed to pay its line of credit with McKesson, together with the letter of guarantee signed by Grady Mayeaux, we find that a personal guarantee was given by Mr. Mayeaux to McKesson for payment of Tideland's open account.
For the foregoing reasons, the judgment of the trial court is affirmed; all costs of this appeal are charged to the defendant/appellant in this case.
AFFIRMED.
NOTES
[1] Titles III and IV of Book III of the Civil Code of 1870, which formerly contained La.Civ.Code arts. 1756 to 2291, were amended and reenacted by Acts 1984, No. 331, to contain La.Civ.Code arts. 1756 to 2057, eff. Jan. 1, 1985. This case, occurring before Jan. 1, 1985, shall be decided under the law prior to the latest amendments to Titles III and IV of Book III. For the subject matter of former La.Civ.Code art. 1778, see, now, La.Civ.Code art. 1916 (West's Special Pamphlet, 1985).
[2] See supra note 1. For the subject matter of former La.Civ.Code art. 1777, see, now, La.Civ. Code art. 1915 (West's Special Pamphlet, 1985).
[3] See supra note 1. For the subject matter of former La.Civ.Code art. 1951, see, now, La.Civ. Code art. 2049 (West's Special Pamphlet, 1985).