489 So.2d 368 (1986)
GUARANTY BANK & TRUST CO.
v.
Eugene Vernon JONES.
No. 86-CA-25.
Court of Appeal of Louisiana, Fifth Circuit.
May 12, 1986.
*369 Leland Montgomery, New Orleans, for plaintiff-appellee.
Walker H. Drake, Jr., Chalmette, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is a lawsuit on a continuing guaranty agreement.
On November 29, 1978, Eugene Jones signed a promissory note for $7,186.32, payable to Guaranty Bank & Trust Company. This note was never paid in full, however, it was renewed several times by Guaranty Bank. On August 13, 1979, Eugene Jones signed two promissory notes for $10,788.88 and $2,326.68.
Eugene Jones' original loan was secured by continuing guarantees of Roy Nance and James Beeson. Additionally, Guaranty Bank on August 13, 1979 secured its loan to Jones through a collateral chattel mortgage on a boat owned by Jones.
Ultimately, Eugene Jones defaulted and on March 6, 1980, Guaranty Bank foreclosed and seized the boat. The vessel was sold and the proceeds of the sale were applied against Jones' indebtedness to Guaranty Bank. There was a balance owing, therefore Guaranty Bank filed for a deficiency judgment against the principal debtor, Eugene Jones and Roy Nance and James Beeson based on their continuing guarantees in favor of Guaranty Bank.
Neither Jones nor Beeson filed an answer, consequently a default judgment was confirmed against them on August 11, 1982. The defendant, Roy Nance filed an answer, denying all allegations and asserting the affirmative defense of error or mistake in the nature of the contract.
After trial, the court rendered judgment against Roy Nance and in favor of Guaranty Bank for $8,000.00, together with "interest, fees, and charges in accordance with the continuing guaranty agreement."
*370 Roy Nance has paid the Guaranty Bank $14,121.97, and has devolutively appealed from the judgment.
Roy Nance has asserted the trial erred as follows:
1.) In failing to recognize an error or mistake in fact in the execution of the continuing guaranty agreement dated November 29, 1978.
2.) In failing to sustain the defendant's affirmative defense of lack of consideration in the execution of the continuing guaranty dated November 29, 1978.
The defendant, Roy Nance contends that in early November, 1978, he was contacted by James Beeson, and asked if he could assist Beeson in securing a loan for Eugene Jones from the Guaranty Bank & Trust Company.
Nance asserts that he only agreed to sign as a co-maker on a promissory note in favor of Guaranty Bank together with Beeson and Jones to borrow a total of $6,000.00.
On November 29, 1978, Nance argues that he, Beeson and Jones went to Guaranty Bank to obtain the loan and to sign a promissory note for $6,000.00. Nance argues that at all pertinent times he was informed that he was co-signing a $6,000.00 promissory note. Nance argues that he understood what co-signing meant and realized that his maximum financial expansion would be $6,000.00, in the event Jones (principal debtor) did not pay the loan.
Nance contends that Beeson and a bank official (unknown at the time) informed him that he was signing as a co-signer on the promissory note. He further contends that he had no business relationship with Jones, was not related to him, nor was he a close personal friend.
Nance further contends that had he known he would be liable for future loans to be made to Jones he definitely would not have signed the continuing guaranty and in fact stated that he would not sign a continuing guaranty for his own children, let alone a total stranger. It is Nance's position that he agreed to sign as a co-signer on a $6,000.00 note dated November 29, 1978 and in fact, when he signed the continuing guaranty he thought he was signing as a co-signer on a note. His signature on the continuing guaranty was error or mistake of fact as to the object which he was signing and that he received no consideration in exchange for this continuing guaranty since he received no remuneration from Jones. Nance contends that Guaranty Bank's loans to Jones on August 13, 1979 of $10,786.68, and $2,326.68, were a novation of the original $6,000.00 loan and but for the continuing guaranty the appellant would have no liability to the Guaranty Bank & Trust.
Nance submits that an error of fact exists and this court should reverse the trial court's judgment.
Relative to the issue of novation, we find it without merit. All loans were consequential to the original indebtedness.
A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. A contract of guaranty (or suretyship) is subject to the same rules of interpretation as contracts in general, Keller Industries v. Deauville Consultants, 459 So.2d 636 (La.App. 5th Cir.1984). An agreement legally entered into have the effect of laws for those who formed them and must be performed in good faith, LSA-C.C. art. 1901. Our courts are bound to give legal effect to all such contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences, LSA-C.C. art. 1945. All clauses of an agreement are interpreted one by the other, giving to each the sense that results from the entire act, LSA-C.C. art. 1955.
A continuing guaranty agreement (surety contract) need not observe technical formalities, but must embody an absolute expression of an intent to be bound, Keller, supra. "It is an accessory promise by which one binds himself for another already *371 bound and agrees with the creditor to satisfy the obligation if the principal debtor does not do so", Keller, supra. Furthermore, the continuing guaranty must be in writing, explicit and parol evidence must not be used to establish either its existence or a promise to pay the debt of another, Keller, supra.
Applying these principles of contract interpretation and suretyship we agree with the trial court, that Roy Nance is obligated to pay Guaranty Bank the total unpaid balance of the principal indebtedness.
The continuing guaranty agreement clearly and explicitly states that Roy Nance and James Beeson guarantee to Guaranty Bank & Trust Company "... payment in full, plus all interest, fees and charges...." The extent of their obligation limited to $8,000.00.
We find no merit with Nance's argument that the agreement should be rescinded because of error or mistake of fact. There is nothing in the record which would lead us to conclude that Guaranty Bank told Nance he was signing something other than a continuing guaranty.
An error of fact is a ground for recission of a contract where the error was "the principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself", LSA-C.C. art. 1823 (as amended 1985).
An error as to the motive for making a contract may occur when the cause for which the contract was entered into does not exist or is falsely represented, LSA-C.C. art. 1824 (as amended 1985).
Nance's motive for signing the guaranty agreement was to provide Guaranty Bank with added security in order to make a loan to Eugene Jones. The loan to Jones was the cause for Nance's contract with the bank.
Furthermore, error as to motive cannot invalidate a contract unless the party to the contract was aware that the motive was the principle cause of the contract, LSA-C.C. art. 1826 (as amended 1985). Nance does not contend that he intended to contract with anyone other than the bank.
Relative to the issue of error as to the subject matter (nature of the contract) of the contract between Nance and the bank, we find that Nance was a willing participant and knew he would be responsible for the loan if Jones failed to pay. The nature of a contract "is that which characterizes the obligations which it creates,", LSA-C.C. art. 1841 (as amended 1985).
We do not know why Nance is confused as to what he was signing, but one can presume it is the result of his failure to read the contract before he signed it.
Louisiana courts have clearly stated that the failure to read a document before signing it is negligence and "[s]uch negligence will bar relief for the error ... It is always negligence not to read a document before signing it when one is able to ..." Hoff, 53 Tulane Law Review 329 at 369 (1978). As was stated in St. Landry Loan Company v. Avie, 147 So.2d 725 (La.App. 3rd Cir.1962).
Finally, we hold that Nance's motive in signing the continuing guaranty and agreeing to "guarantee" Jones' principle indebtedness to the Guaranty Bank was to induce the Bank to lend money to Jones. Accordingly, such a motive is sufficient consideration for this accessory contract to be enforceable, LSA-C.C. art. 1896 (as amended, 1985).
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
KLIEBERT, J., concurs with written reasons.
KLIEBERT, Judge, concurring.
I concur in the results but not necessarily for the reasons stated by the majority opinion.