YELVERTON, Judge.
This is a suit to enforce what plaintiff argues was a contract of suretyship. The defendant Acadiana Bank denied a surety-ship. The trial court agreed with the defendant. We affirm.
L.J. Vidrine Contractors, Inc., wanted to buy some manholes from Fiberglass Pipe & Specialty, Inc. Vidrine Contractors’ financial condition was not good, so Fiberglass got the following letter from Vidrine Contractors’ banker:
“Mr. Ed Swain
General Manager
Fiberglass Pipe & Specialty, Inc.
Post Office Box 474
Rayne, Louisiana 70578
Re: L.J. Vidrine Contractors, Inc.
Dear Ed:
This letter is to assure you that Acadiana Bank will remit directly to you the amount due for manholes the above referenced contractor is to purchase from your company.
The proceeds of its current contract have been assigned to our bank, and all funds due under the contract are remitted directly to us. You can deal with L.J. Vidrine without hesitation because the assignment and the escrow agreement allow Acadiana Bank to control the contractor’s receipts and disbursements.
Trust that this meets your needs, I am,
Respectfully yours, ACADIANA BANK
Michael V. Matt
Customer Relations Officer
MVMdamc”
Relying on this letter, Fiberglass furnished the manholes. Acadiana Bank forwarded some payments for manholes but this was stopped when Vidrine filed for bankruptcy. The bills for some manholes were unpaid, and Acadiana Bank refused to pay them with its own money. This suit was filed, Fiberglass contending that Aca-diana Bank guaranteed payment for the manholes Vidrine was to purchase from it.
The terms guaranty and surety are synonymous. McKesson Chemical *1356 Company v. Tideland Chemical Company, Inc., 471 So.2d 812 (La.App. 3rd Cir.1985). Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not. La.C.C. art. 3035. An express contract is required and it must be construed strictly, according to C.C. art. 3039 which reads:
“Art. 3039. Express contract required; strict construction
“Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.”
This article has been consistently interpreted to mean that the surety’s contract, while not held to technical formalities, must contain an absolute expression of intent to be bound. Ball Marketing Enterprise v. Rainbow Tomato Company, 340 So.2d 700 (La.App. 3rd Cir.1976).
The letter from Acadiana Bank falls short of being an absolute expression of an intent to be bound. According to Webster’s Ninth New Collegiate Dictionary (1983), the word “remit” as used in a business sense means to send money. The word is used twice in Acadiana Bank's letter and means the same each time. Each provision in a contract must be interpreted in light of the other provision so that each is given the meaning suggested by the contract as a whole. C.C. art. 2050. As a whole, the letter says that Acadiana Bank has an assignment and an escrow agreement which allows it to control L.J. Vidrine Contractors, Inc.’s receipts and disbursements; that it has an assignment of the proceeds of its current contract; that all funds due under the contract are remitted directly to the bank; and that the bank will remit directly to Fiberglass the amount due for manholes L.J. Vidrine Contractors, Inc., is to purchase from Fiberglass. All that the letter does is tell Fiberglass the bank has control of the contractor’s money as it comes in under the current contract, and that the bank will see to it that the money coming in under the current contract due for manholes will be sent on to Fiberglass. The language in the first paragraph, “This letter is to assure you ...” and in the second paragraph, “You can deal with L.J. Vidrine without hesitation ...” does not expand the expressed limits of the contract to embrace an intent by the bank to be itself bound. We hold, as did the trial judge, that the letter did not make Acadia-na Bank a surety for Vidrine’s debt.
Appellant will pay costs of this appeal.
AFFIRMED.