GAUDIN, Judge.
The primary issue involved in this case is whether a letter sent by appellant Whitney J. Poirrier to appellee Blair Rubber Company, Inc. bound Mr. Poirrier personally for goods purchased from Blair by a third party, Altra Coatings Technology, Inc. The appealed-from judgment of the 24th Judicial District Court found Mr. Poirrier responsible for the amount specified in the letter. We affirm.
The letter, from Mr. Poirrier to Blair dated October 6, 1988, contained this wording:
“It is my understanding that Altra Coatings Tech., Inc. will be purchasing rubber from you in the near future.
*505 I am willing to personally guarantee the account of Altra Coatings Technology, Inc. up to the amount of $50,000.00. If in the future we need to extend the account we will work on a job basis.
Enclosed you will find a copy of my personal finanicial statement. Along with a check for the old balance of this account.”
Appellant argues that he had not made a precise and explicit promise to pay if Altra did not. At best, Mr. Poirrier contends, the letter’s wording was an invitation to negotiate a guarantee. The trial judge was not impressed by these assertions nor are we. The trial judge found paragraph two of Mr. Poirrier’s letter “... to be very clear and unequivocal and I find an intent on Mr. Poirrier to be personally bound for the purchases that the corporation may make after that date of October 6, 1988 ...”
Several Civil Code articles are applicable here, particularly the following:
Art. 3035
Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. Art. 3036
Suretyship may be established for any lawful obligation, which, with respect to the suretyship, is the principal obligation.
The principal obligation may be subject to a term or condition, may be presently existing, or may arise in the future. Art. 3037
One who ostensibly binds himself as principal obligor to satisfy the present or future obligations of another is nonetheless considered a surety if the principal cause of the contract with the creditor is to guarantee performance of such obligations.
A creditor in whose favor a surety and principal obligor are bound together as principal obligors in solido may presume they are equally concerned in the matter until he clearly knows of their true relationship.
Art. 3038
Suretyship must be express and in writing.
Art. 3039
Suretyship is established upon receipt by the creditor of the writing evidencing the surety’s obligation. The creditor’s acceptance is presumed and no notice of acceptance is required.
Art. 3040
Suretyship may be qualified, conditioned, or limited in any lawful manner.
(Underlining provided.)
Mr. Poirrier’s suretyship was in writing and was for a debt arising in the near future. Acceptance by Blair is presumed, no formal notice of acceptance being required. Further, the letter does not suggest any reservation, condition or limit except for the $50,000.00 amount.
In Guaranty Bank & Trust Co. v. Jones, 489 So.2d 368 (La.App. 5 Cir.1986), this Court said at pages 370 and 371;
“A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. A contract of guaranty (or suretyship) is subject to the same rules of interpretation as contracts in general, Keller Industries v. Deauville Consultants, 459 So.2d 636 (La.App. 5th Cir.1984). An agreement legally entered into have the effect of laws for those who formed them and must be performed in good faith, LSA-C.C. art. 1901. Our courts are bound to give legal effect to all such contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences, LSA-C.C. art. 1945. All clauses of an agreement are interpreted one by the other, giving to each the sense that results from the entire act, LSA-C.C. art. 1955.
“A continuing guaranty agreement (surety contract) need not observe technical formalities, but must embody an absolute expression of an intent to be bound, Keller, supra. ‘It is an accessory promise by which one binds himself for another already bound and agrees with the creditor to satisfy the obligation if the principal debtor does not do so’, Keller, supra. Furthermore, the continuing guaranty must be in writing, explicit and *506 parol evidence must not be used to establish either its existence or a promise to pay the debt of another, Keller, supra.”
Considering these Guaranty Bank principles and the wording of Mr. Poirrier’s letter, we cannot say the trial court erred. Appellant is to bear costs.
AFFIRMED.