800 So.2d 1009 (2001)
ECLIPSE TELECOMMUNICATIONS INC. f/k/a Network Long Distance, Inc.
v.
TELNET INTERNATIONAL CORP., et al.
No. 01-CA-271.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
*1010 Randall A. Smith, Andrew L. Kramer, Smith, Jones & Fawer, New Orleans, LA, Attorneys for Plaintiff/Appellant.
Wayne M. Babovich, Bradley J. Chauvin, Christopher J. Couch, Babovich, Spedale and Chauvin, Metairie, LA, Attorneys for Defendants/Appellees.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Plaintiff, Eclipse Telecommunications, Inc, f/k/a/ Network Long Distance, Inc. (Eclipse), appeals a judgment of the trial court which granted an exception of no cause of action filed by defendant, Chris Anderson, and released him from the lawsuit. For reasons that follow, we affirm.
This action began as a suit on open account filed by Eclipse for the collection of over $50,000.00 in allegedly overdue payments pursuant to a contract for long distance telephone service. In the original petition, Eclipse named Telnet International Corporation (Telnet) as defendant. In a supplemental and amending petition, Eclipse substituted Broadwing Communications, Inc. (Broadwing) as party plaintiff, since it purchased the assets of Eclipse. The pleading also added Chris Anderson, the president of Telnet, as a defendant on the allegation that Mr. Anderson had personally guaranteed the debt of Telnet. In response, Mr. Anderson filed an exception of no cause of action. Upon consideration of the exception, the trial court found that Mr. Anderson had not personally guaranteed Telnet's debt to Eclipse. The court granted the exception and dismissed Mr. Anderson from the lawsuit, leaving only Telnet as a defendant. Broadwing appeals that judgment, presenting this court with the question of whether the document relied upon by plaintiff can support a cause of action in suretyship against Mr. Anderson personally.
Recently, the Louisiana Supreme Court set forth the law on the peremptory exception of no cause of action in City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748 as follows:
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff *1011 has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff.
A court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief.
. . . .
An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. (Citations omitted)
Id. 739 So.2d at 755-756.
A contract of guaranty is equivalent to a contract of suretyship. The terms guaranty and suretyship may be used interchangeably. Guaranty Bank and Trust Co. v. Jones, 489 So.2d 368 (La.App. 5 Cir.1986). Suretyship is defined as "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." LSA C.C. Art. 3035. Suretyship must be expressed and in writing. LSA C.C. Art. 3038. Contracts of suretyship are subject to the same rules of interpretation as contracts in general. Ferrell v. South Central Bell Tel. Co., 403 So.2d 698, 700 (La.1981); Pelican Plumbing Supply v. J.O.H. Const., 94-991 (La.App. 5 Cir. 3/28/95), 653 So.2d 699, 701.
In this matter, the pleadings and documents attached thereto, show that Eclipse entered into a contract with Telnet in 1997 to provide long distance telephone service. The document evidencing that agreement is entitled "Commercial Service Agreement". It lists the applicant as Telnet International Corp. It is signed by Chris Anderson, with no designation of his position as president of the corporation. An ancillary document entitled "Guarantor Agreement" was also executed in conjunction with the contract. The document states that:
The individual named below called "Guarantor" agrees and guarantees that applicant will perform the obligations as set forth on the "Application for Service" and in breach thereof, guarantor promises and agrees that he will personally and individually be responsible for and will faithfully perform all of applicant's obligation.
Below that statement is a section requiring the name, address, telephone number, and social security number of the guarantor. All of the blanks are filled out with Telnet's information. The guarantor's *1012 name is listed as Telnet and the corporation's address and telephone number are listed. The corporation's tax number is entered in the blank which requests the guarantor's social security number. The document is signed by "Chris Anderson, president." There is no personal information on the document which pertains to Mr. Anderson.
Applying the above principles of law to the instant case, we conclude the trial court was correct in granting the exception of no cause of action. As the exceptor, Mr. Anderson has the burden of showing the plaintiff has failed to state a cause of action against him personally. We find that Mr. Anderson has met that burden. After a review of the matter de novo, we find that, on the face of the petition and the documentary evidence which includes both the original and the ancillary agreement, plaintiff cannot maintain a valid cause of action in surety against Mr. Anderson personally. There is nothing in the surety contract to indicate that Mr. Anderson signed personally. All of the information given pertains to the corporation. Because of the strict nature of the contract of surety as described infra, particularly the requirement that the contract be expressed, we find the trial court was correct in its judgment which granted Mr. Anderson's exception of no cause of action and dismissed him from the action.
AFFIRMED.