FREDERICKA HOMBERG WICKER, Judge.
 

 12This appeal arises from a suit on a breach of a lease agreement by Veteran’s Commercial Properties, LLC (Veteran’s) against Barry’s Flooring, Inc. (Barry’s Flooring) and Mr. Barry M. Wilbert. For the reasons that follow, we reverse the portion of the trial court’s judgment which finds that Mr. Wilbert was not liable in solido for Barry’s Flooring’s breach.
 

 Facts and Procedural Background
 

 On October 23, 2007, 3848 Veterans BLVD, LLC, the lessor, entered into a “Lease of Commercial Property” with the defendant/appellee, Barry’s Flooring, for suite 103 at 3848 Veterans Blvd. The three-year lease was from December 1, 2007, through November 30, 2010, and provided for an annual rent of $30,840.00 pay
 
 *629
 
 able in 12 monthly installments of $2,570.00.
 

 Sometime after the execution of the lease, the plaintiff/appellant, Veteran’s, purchased the immovable property located at 3848 Veterans Blvd. and assumed all preexisting leases.
 
 [1]
 
 Barry’s Flooring contends that as a result of the acquisition, the tenant occupancy at 3848 Veterans Blvd. substantially increased, making parking for its customers unsustainable. As a result, Barry’s Flooring sought to terminate the lease. The parties attempted unsuccessfully to reach an amicable ^agreement. Thereafter, Barry’s Flooring prematurely vacated the leased premise on May 1, 2009 — 18 months before the lease expired.
 

 On August 20, 2009, Veteran’s filed a “Petition for Breach of Lease and Damages” against Barry’s Flooring alleging that Barry’s Flooring was indebted to it in the amount of $49,824.66 due to its premature vacation of the leased premise. Veteran’s, subsequently, amended its petition on October 21, 2009, to add Mr. Wilbert as an additional defendant. The amended petition stated that “[a]t the time of the signing of the aforementioned lease, Barry M. Wilbert, personally and
 
 in solido
 
 bound himself with the tenant and personally guaranteed performance.”
 

 Veteran’s moved for summary judgment. It argued that because Barry’s Flooring prematurely vacated the lease, it was entitled to unpaid rent, attorney’s fees, and costs and interest as provided for in the lease agreement. The motion was heard on August 18, 2010, and a judgment was issued on September 8, 2010, which cast Barry’s Flooring in judgment for breaching the lease agreement. The trial court, however, found Mr. Wilbert not to be liable in solido with Barry’s Flooring. Veteran’s appeals the trial court’s ruling.
 

 Discussion
 

 In its sole assignment of error, Veteran’s contends that the trial court erred in finding that Mr. Wilbert did not act in his personal capacity as a surety for Barry’s Flooring when he signed the lease agreement.
 

 A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably.
 
 Keller Indus., Inc. v. Deauville Consultants, Inc.,
 
 459 So.2d 636, 638 (La.App. 5 Cir.1984). Although a surety’s contract need not observe technical formalities, it must contain an absolute expression of an intent to be bound.
 
 Id. citing Ball Mktg. Enter, v. Rainbow Tomato Co.,
 
 340 So.2d 700 (La.App. 3 Cir.1976). It is an accessory promise by which one binds himself [4for another already bound and agrees with the creditor to satisfy the obligation if the principal debtor does not do so.
 
 Id.
 
 (citation omitted). An agreement of sure-tyship must be express and in writing and must be explicit.
 
 Id.
 
 (citation omitted).
 

 Contracts of guaranty are subject to the same rules of interpretation as contracts in general.
 
 Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc.,
 
 32,441, p. 4 (La.App. 2 Cir. 12/8/99), 748 So.2d 594, 598. “The courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences.”
 
 Id.
 
 The meaning and intent of the parties to the written contract in such cases must be sought within the four corners of the instrument
 
 *630
 
 and cannot be explained or contradicted by-parol evidence.
 
 Id.
 
 The determination of whether a contract is clear or ambiguous is a question of law.
 
 Id.
 
 at 599. (citation omitted).
 

 Turning to the present case, the language in the lease agreement that Veteran’s contends personally binds Mr. Wilbert as a surety for Barry’s Flooring provides:
 

 LESSOR: 3848 Veterans BLVD, LLC BY:
 
 s/Ray Peacock
 

 Ray Peacock
 

 WITNESSES:
 
 s/[illegible signature]
 

 TENANT: s/Barry’s Flooring
 
 s/Barry M. Wilbert
 
 Barry’s Flooring
 

 For value received and in induce [sic] the granting of the above lease, the undersigned make themselves party to this lease and bind themselves in solido with Tenant for the faithful execution of and compliance with all of the obligations, conditions and stipulations assumed or agreed to by Tenant, guaranteeing to Lessor, its successors and assigns, the payment of the rent and all other sums provided for in the above lease and the performance by | ./Tenant of the covenants therein contained without requiring any notice of non-payment, demand, dishonor or non-performance.
 

 This
 
 23
 
 day of
 
 October, 2007
 

 s/Barry’s Flooring
 
 s/Barry M. Wilbert
 
 Barry’s Flooring
 

 In this case, the first set of signatures by Ray Peacock and Barry’s Flooring consummate the lease agreement that existed between 3848 Veterans BLVD, LLC and Barry’s Flooring. Immediately following those signatures, however, is a provision which states, in pertinent part, that the undersigned “bind themselves in solido with Tenant for the faithful execution of and compliance
 
 with all of the obligations, conditions and stipulations assumed or agreed to by Tenant, guaranteeing to Lessor, its successors and assigns, the payment of the rent and all other sums
 
 ...” (emphasis added).
 

 In
 
 Pelican Plumbing Supply, Inc. v. J.O.H. Construction Co., Inc.,
 
 94-991 (La.App. 5 Cir. 3/28/95), 653 So.2d 699, we held that the defendant who signed a credit application in a similar manner as was done in the present case was not a surety. In that case, the credit application contained the following language:
 

 In consideration of an open account privilege, I hereby understand and agree to the above terms. Should it become necessary to place this account for collection, I shall personally obligate myself and my corporation, if any, to pay the entire amount due including service charges (as outlined above terms) thirty-three and one third (33 1/3%) attorney’s fees, and all costs of collection, including court costs.
 

 SIGNED
 
 Harold H. Heidingsfelder
 

 COMPANY
 
 J.O.H. Const. Co., Inc.
 

 Although the above language more expressly depicts the creation of a suretyship than the language in the present case, the defendant in
 
 Pelican Plumbing,
 
 signed the credit application just as Mr. Wilbert did here with both his name and the name of the company he represented. In
 
 Pelican Plumbing,
 
 however, we deferred to the
 
 *631
 
 | fitrial court’s credibility determination and found that the defendant did not intend to sign in his personal capacity. In that case, the trial court used parol evidence — Mr. Heidingsfelder’s testimony — to ascertain his true intent. And we found that the trial court was not manifestly erroneous in doing so. In this case, however, there are no Reasons for Judgment or a transcript from the trial on the merits that would indicate parol evidence was considered in the trial court’s determination.
 

 In
 
 American Bank & Trust Company of Houma v. Wetland Workover, Inc.
 
 523 So.2d 942, 945 (La.App. 4 Cir.1988), however, the fourth circuit held that to construe that the guarantors executed the guarantees in a representative capacity would render the documents meaningless. In that case, the defendant signed a continuing guaranty in favor of American Bank <& Trust. The defendant argued, however, that his signature was affixed to the document in a representative capacity for Wetland Workover because his signature was accompanied by his title — vice-president. The fourth circuit found that under the terms of the mortgage, “Wetland was already bound to pay back the loan proceeds. If the guarantors had signed guarantees in a representative capacity for Wetland, the corporation would be guaranteeing an obligation for which it was already bound, rendering the guarantees worthless.”
 
 Id.
 
 at 945 (citation omitted).
 
 (See also, McKesson Chemical Co., Inc. v. Tideland Chemical Co., Inc.,
 
 471 So.2d 812 (La.App. 3 Cir.1985);
 
 American Cas. Co. v. Howard,
 
 175 So.2d 355 (La.App. 4 Cir.1965)).
 

 We find that the present case is more in line with
 
 American Bank & Trust, supra.
 
 This finding, however, does not overrule our decision in
 
 Pelican Plumbing, supra
 
 as that case turned on a different issue.
 

 The clear and unambiguous language in this case states that the undersigned guarantees payment of the tenant’s obligation to the lessor. This language is immediately followed by the signatures of
 
 Barry’s Flooring
 
 and
 
 Barry M. Wilbert.
 
 17However, the capacity in which a party executes a document is largely a matter of that party’s intention as determined from the circumstances surrounding the transaction.
 
 American Bank & Trust, supra,
 
 at 945. Considering the entirety of the lease agreement, the fact that Mr. Wilbert made a handwritten notation of
 
 Barry’s Flooring
 
 above his signature does not obviate the fact that the clear and unambiguous language created a suretyship agreement in which Mr. Wilbert personally guaranteed Barry’s Flooring’s obligation to the lessor. The notation of a corporate position, or in this case, the notation of the company’s name, “is merely a title identification instead of a signature in a representative capacity.”
 
 Id.
 
 To construe otherwise would render the guaranty worthless as Barry’s Flooring was already obligated to abide by the terms of the agreement.
 

 In sum, we find that the trial judge erred in finding that Mr. Wilbert did not act as surety in his personal capacity to the agreement that existed between 3848 Veterans BLVD, LLC and Barry’s Flooring. Accordingly, that portion of the judgment is reversed.
 

 REVERSED
 

 [1]
 

 . The record does not reflect when the appellant purchased the property located at 3848 Veterans Blvd.