MARC E. JOHNSON, Judge.
12Defendant/Appellant, Ann R. Baehr, appeals the granting of summary judgment in favor of Plaintiff/Appellee, N.E.N.H., L.L.C. (“N.E.N.H.”), regarding the personal liability of a mortgage and note for an LLC from the 24th Judicial District Court, Division “H”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On September 14, 2010, Broussard-Baehr Holdings, L.L.C. (“Broussard-Baehr Holdings”) entered into a mortgage with N.E.N.H. for $150,000.00 on property located at 3231 N. 1-10 Service Road in Metairie, Louisiana. Troy G. Broussard and Ms. Baehr signed the mortgage on behalf of Broussard-Baehr Holdings as managing members. On the same date, Mr. Broussard and Ms. Baehr signed a note for $150,000.00 in favor of N.E.N.H. The $150,000.00 was to be paid in 36 consecutive monthly installments of $1,521.40 each, commencing on September 3, 2010, with one final installment being due and payable on August 3, 2013. In the note, the signatures blocks were styled as follows:
BROUSSARD-BAEHR HOLDINGS, L.L.C.
BY: x Troy G. Broussard_
TROY G. BROUSSARD, Managing Member and as Personal [Guarantor
|sa; Anne R. Baehr_
ANNE R. BAEHR, Member and as Personal Guarantor
The note stated that the parties “jointly, severally and in solido” promised to pay $150,000.00 and provided that the makers of the note bound themselves unconditionally as original promisors for the payment.
On March 27, 2012, N.E.N.H. filed a “Suit on Note and for Recognition of Mortgage,” alleging that Broussard-Baehr Holdings, Ms. Baehr and Mr. Broussard were jointly, severally and solidarily liable for failing to make payments due as of November 3, 2011, as required under the note. In response, the defendants to the action filed an exception of lack of amicable demand. Ms. Baehr and Mr. Broussard also filed an exception of no cause of action. A hearing on the exceptions was held on August 27, 2012, wherein the trial *93 court overruled the exception of lack of amicable demand as to Broussard-Baehr Holdings. The remaining matters involving Ms. Baehr and Mr. Broussard were taken under advisement. In a judgment rendered on October 29, 2012, the remaining exceptions were overruled.
Subsequent to the rulings on the exceptions, N.E.N.H. filed a “Motion for Default” and “Motion for Confirmation of Default Judgment,” alleging the defendants failed to answer the suit. Prior to the confirmation of the default judgment, the defendants filed an “Answer and Affirmative Defenses” on December 20, 2012.
On March 28, 2013, Ms. Baehr and Mr. Broussard filed a “Motion for Summary Judgment,” asserting there were no genuine issues of material fact that they only signed the note in their representative capacities as members of Broussard-Baehr Holdings. N.E.N.H. also filed a “Motion for Summary Judgment” on April 5, 2013, alleging the defendants executed a promissory note, ^defaulted on their obligations, and were liable for the debt of the promissory note. The motions were heard on April 30, 2013.[1]
In a judgment rendered on May 8, 2013, the trial court denied the motion for summary judgment filed by the defendants and granted the motion for summary judgment filed by N.E.N.H. In the summary judgment in favor of N.E.N.H., the trial court found Broussard-Baehr Holdings and Ms. Baehr to be liable jointly, severally and in solido for the principal amount of $144,171.54, plus accrued interest from November 3, 2011 at the rate of 9% percent per annum until paid in full. The trial court also awarded late charges, bank fees, reasonable attorney’s fees, and court costs in favor of N.E.N.H. and against Broussard-Baehr Holdings and Ms. Baehr. Additionally, the trial court reserved all litigious rights against Mr. Broussard. Ms. Baehr timely appeals the judgment.
ASSIGNMENTS OF ERROR
On appeal, Ms. Baehr raises the following assignments of error: 1) the trial court erred in granting summary judgment because N.E.N.H. failed to prove that she was not shielded from personal liability by the laws governing limited liability companies; and 2) the trial court erred in granting summary judgment because the “eight corners” of the mortgage and promissory note do not show that Ms. Baehr assumed individual liability. We will jointly address the assignments of error.
LAW AND ANALYSIS
Appellate courts review summary judgments de novo, using the same criteria that governed the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Favre v. Boh Bros. Const. Co., L.L.C., 11-451 (La.App. 5 Cir. 3/13/12); 90 So.3d 481, 485, writ \ ^denied, 12-1024 (La.6/22/12); 91 So.3d 976. The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law. Id., citing DROR Intern. L.P. v. Thundervision, L.L.C., 11-215 (La.App. 5 Cir. 12/13/11); 81 So.3d 182, writ not considered, 12-0127 (La.3/23/12); 84 So.3d 560.
“The judgment sought shall be rendered forthwith if the pleadings, depositions, an *94 swers to interrogatories, and admission, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable person could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Favre, 90 So.3d at 485.
In this matter, Ms. Baehr alleges the trial court erred in granting summary judgment in favor of N.E.N.H. because N.E.N.H. did not prove that she could be held personally hable for signing the mortgage and note on behalf of Broussard-Baehr Holdings. Ms. Baehr argues that, under Louisiana law pertaining to LLCs, she was entitled to a shield of protection from liability by being a member of Broussard-Baehr Holdings. Thus, Ms. Baehr contends the veil could not be pierced to hold her personally liable. Additionally, to the extent the words “personal guarantor” appear to obligate her individually, Ms. Baehr argues that those words entirely contradict the mortgage in numerous places, which repeatedly states the mortgage and accompanying note are solely obligations of Broussard-Baehr Holdings. Ms. Baehr avers that the word “personal” by her signature as | ¡/‘Member” on one occasion should not change the entire nature of the mortgage, the note, and the law protecting her from personal liability.
Conversely, N.E.N.H. argues the trial court properly granted the summary judgment in its favor because it demonstrated all of the essential elements necessarily entitling it to a summary judgment, and Ms. Baehr failed to demonstrate that a genuine issue as to material fact existed. N.E.N.H. contends the note is neither ambiguous nor unclear as to the capacity in which Ms. Baehr was affixing her signature. N.E.N.H. argues that the words “Personal Guarantor” underneath the signatures of Mr. Broussard and Ms. Baehr on the note signify an indorsement. N.E.N.H. argues that the indorsement made it clear that the individual parties were incurring personal liability as obli-gors on the note, along with Broussard-Baehr Holdings. We agree with N.E.N.H.’s position.
A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. Veterans Commercial Properties, LLC v. Barry’s Flooring, Inc., 11-6 (La.App. 5 Cir. 5/24/11); 67 So.3d 627, 629. A surety-ship is an accessory promise by which one binds himself for another already bound and agrees with the creditor to satisfy the obligation if the principal debtor does not do so. Id. An agreement of suretyship must be express and in writing and must be explicit. Id. Contracts of guaranty are subject to the same rules of interpretation as contracts in general. Id.
Contracts are interpreted according to the true intent of the parties. La. C.C. art. 2045; First Bank and Trust v. Redman Gaming of Louisiana, Inc., 13-369 (La.App. 5 Cir. 12/12/13); 131 So.3d 224, 228. When the words of the contract are clear, unambiguous, and lead to no absurd consequence, no further interpretation may be made or consideration of extrinsic evidence be had in search of the parties’ intent and the contract must be enforced as written. La. C.C. art. 2046; First Bank and Trust, supra. When a contract can be construed from the four corners of the instrument, interpretation of the contract presents a question of law *95 that can be decided on summary judgment. Id.
In the case at bar, Ms. Baehr signed the promissory note as a member on behalf of Broussard-Baehr Holdings and as a personal guarantor. Ms. Baehr’s personal guaranty is in writing and is expressed. The language of the note is clear and unambiguous that Ms. Baehr, Mr. Broussard and Broussard-Baehr Holdings jointly, severally and solidarily promised to pay N.E.N.H. $150,000.00 under the note. It is also clear and unambiguous that those parties bound themselves in solido as original promisors for the payment of the principal, interests, costs and attorney’s fees. The language of the promissory note and the guaranty within it lead to no absurd consequences. As a result, no further interpretation needs to be performed by this Court.
Furthermore, we reject Ms. Baehr’s argument that she is protected from all personal liability for the note under the limited liability company laws because she is a member of Broussard-Baehr Holdings. As mentioned above, Ms. Baehr signed as a member of Broussard-Baehr Holdings and as a personal guarantor. While it is true that Ms. Baehr is afforded specific protections as a member of Broussard-Baehr Holdings, those protections as a member do not extend to her signature in the capacity as a personal guarantor to the promissory note.
DECREE
For the foregoing reasons, we affirm the summary judgment in favor of N.E.N.H., L.L.C. Ms. Baehr is assessed the costs of this appeal.

AFFIRMED.

. At the hearing, Mr. Broussard revealed that he had filed for bankruptcy. Thus, the proceeding against him personally was stayed.