BUILDING SPECIALTIES COMPANY OF LOUISIANA

VERSUS

ROADWRXX LLC AND PAUL ALBERT BIENVENU

NO. 24-CA-72

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 837-161, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

December 04, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED; REQUEST FOR ADDITIONAL ATTORNEY'S FEES ON
APPEAL DENIED**</u>
    **JGG**
    **MEJ**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
PAUL ALBERT BIENVENNU
 Benjamin T. Sanders
 F. Evans Schmidt

COUNSEL FOR PLAINTIFF/APPELLEE,
BUILDING SPECIALTIES COMPANY OF LOUISIANA
 Paul S. Brennan
 Bradley J. Chauvin

**GRAVOIS, J.**

Defendant, Paul Albert Bienvenu, appeals the trial court's judgment which granted a motion for summary judgment filed by plaintiff, Building Specialties Company of Louisiana, and resulted in a judgment against him personally for $64,231.31, plus interest and attorney's fees. Building Specialties answered the appeal seeking additional attorney's fees for defending the appeal. For the reasons that follow, we affirm the judgment and deny Building Specialties' request for additional attorney's fees for defending the appeal.

## FACTS AND PROCEDURAL HISTORY

On November 2, 2020, Roadwrxx, LLC completed an application for credit with plaintiff, Building Specialties. The credit application contains a clause which reads as follows:

> IN CONSIDERATION OF AN OPEN ACCOUNT PRIVILEGE, I HEREBY UNDERSTAND AND AGREE TO THE ABOVE TERMS. <u>SHOULD IT BECOME NECESSARY TO PLACE THIS ACCOUNT FOR COLLECTION, I SHALL PERSONALLY OBLIGATE MYSELF AND MY CORPORATION, IF ANY, TO PAY THE ENTIRE AMOUNT DUE INCLUDING SERVICE CHARGES (AS STATED ABOVE), THIRTY-THREE AND ONE THIRD (33 1/3%) ATTORNEY'S FEES AND ALL COSTS OF COLLECTION, INCLUDING COURT COSTS.</u>
>
> SIGNED  <u>/s/Paul Bienvenu</u>          TITLE <u>Managing Member</u>
>
> COMPANY NAME  <u>Roadwrxx, LLC</u>     DATE <u>11/2/2020</u>

(Emphasis added.)

On January 27, 2023, Building Specialties sued Roadwrxx and Mr. Bienvenu, alleging they owed $64,231.31, jointly and *in solido*, in overdue payments, together with legal interest and attorney's fees.

Thereafter, on June 21, 2023, Building Specialties filed a motion for summary judgment. In support, Building Specialties submitted the affidavit of Stephen Hecker, who attested that he was personally familiar with this matter and reviewed the account to find that the balance due by defendants is $64,231.31, plus

18% interest. Building Specialties attached a copy of its invoice, evidencing the total amount due as $64,231.31.

In response, Mr. Bienvenu filed his own motion for partial summary judgment, seeking a judgment declaring that he is not personally liable for any amounts owed to Building Specialties. Mr. Bienvenu argued that he signed the credit application only once and only on behalf of Roadwrxx in a representative capacity as managing member. He made no separate personal guarantee.

Following a hearing, the trial court signed a written judgment on September 7, 2023 which granted Building Specialties' motion for summary judgment and rendered a judgment in favor of Building Specialties against defendants, jointly and *in solido*, in the amount of $64,231.31, together with 18% interest from June 1, 2022 until paid, and for attorney's fees in an amount not to exceed $3,500.00, plus all costs of the proceeding. The judgment also denied Mr. Bienvenu's motion for partial summary judgment.

Thereafter, Mr. Bienvenu filed a motion for a new trial, arguing that the judgment was contrary to the law and the evidence since he presented evidence that he signed the credit agreement solely in a representative capacity. Following a hearing, on October 25, 2023, the trial court signed a written judgment denying the motion for a new trial.

This appeal followed. On appeal, Mr. Bienvenu argues: 1) Building Specialties failed to prove Mr. Bienvenu knowingly and intentionally consented to being personally bound for Roadwrxx's debts; 2) the trial court erred in not interpreting the ambiguity in the standard form contract against Building Specialties, who drafted the contract; and 3) the trial court erred in finding Mr. Bienvenu personally liable when he executed the contract in his capacity as managing member of Roadwrxx.

Building Specialties filed an answer to the appeal seeking additional attorney's fees for defending the appeal.

## LAW AND ANALYSIS

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Migliore v. Ambassador P'ship, LLC*, 22-599 (La. App. 5 Cir. 12/1/23), 376 So.3d 1178, 1182.

A decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362.

A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. *DROR Int'l, L.P. v. Thundervision, L.L.C.*, 11-215 (La. App. 5 Cir. 12/13/11), 81 So.3d 182, 185, *writ not considered*, 12-0127 (La. 3/23/12), 84 So.3d 560; *Keller Indus., Inc. v. Deauville Consultants, Inc.*, 459 So.2d 636, 638 (La. App. 5th Cir. 1984). Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. La. C.C. art. 3035. An agreement of suretyship must be express and in writing. La. C.C. art. 3038. "Although a surety's contract need not observe technical formalities, it must contain an absolute expression of an intent to be bound." *Veterans Commercial Properties, LLC v. Barry's Flooring, Inc.*, 11-6 (La. App. 5 Cir. 5/24/11), 67 So.3d 627, 629.

Contracts of suretyship are subject to the same rules of interpretation as contracts in general. *Eclipse Telecommunications Inc. v. Telnet Int'l Corp.*, 01-271 (La. App. 5 Cir. 10/17/01), 800 So.2d 1009, 1011; *Ferrell v. South Central Bell Tel. Co.*, 403 So.2d 698, 700 (La. 1981). Contracts are interpreted according to the true intent of the parties. La. C.C. art. 2045; *N.E.N.H., L.L.C. v. Broussard-Baehr Holdings, L.L.C.*, 13-893 (La. App. 5 Cir. 5/14/14), 142 So.3d 91, 94, *writ denied*, 14-1183 (La. 9/19/14), 149 So.3d 247. When the words of the contract are clear, unambiguous, and lead to no absurd consequence, no further interpretation may be made or consideration of extrinsic evidence be had in search of the parties' intent and the contract must be enforced as written. La. C.C. art. 2046; *N.E.N.H., L.L.C.*, *supra*. When a contract can be construed from the four corners of the instrument, interpretation of the contract presents a question of law that can be decided on summary judgment. *Id.* at 94-95. A contract provision that is susceptible to different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective. La. C.C. art. 2049. Each provision in a

contract must be interpreted in light of other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050.

Although parol evidence is inadmissible to vary the terms of a written contract, if the terms are susceptible of more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and show the intent of the parties. *Marrero Land & Improvement Ass'n, Ltd. v. Paradigm Inv. Grp., LLC.*, 19-487 (La. App. 5 Cir. 4/16/20), 297 So.3d 170, 177. In interpreting provisions of an agreement about which there exists some doubt, a court must seek the true intention of the parties, even if to do so necessitates departure from the literal meaning of the terms. *Id.*

On appeal, Mr. Bienvenu asserts he signed the contract solely in his capacity as a managing member of Roadwrxx as evidenced by the title "Managing Member" appearing next to his signature. Additionally, he contends the credit agreement did not contain a personal guarantee section, and Mr. Bienvenu did not provide any personal information consistent with personal guarantee applications. Further, the contract was a standard form contract that should be interpreted against Building Specialties who had provided the contract.

In *Veterans Commercial Properties, LLC v. Barry's Flooring, Inc.*, 67 So.3d at 628, the plaintiff sued the defendant, Barry's Flooring, for damages caused when Barry's Flooring prematurely broke the parties' lease. The plaintiff subsequently amended the petition to add Barry Wilbert as a defendant and alleged Mr. Wilbert bound himself personally and *in solido* to the guarantee. On a motion for summary judgment, the trial court found Mr. Wilbert not to be liable *in solido* with Barry's Flooring. *Id.* at 629. On appeal, this Court reversed. This Court considered the language of the lease agreement, which provided:

> For value received and in induce [sic] the granting of the above lease, the undersigned make themselves party to this lease and bind themselves in solido with Tenant for the faithful execution of and compliance with all of the obligations, conditions and stipulations assumed or agreed to by Tenant, guaranteeing to Lessor, its successors and assigns, the payment of the rent and all other sums provided for in the above lease and the performance by Tenant of the covenants therein contained without requiring any notice of non-payment, demand, dishonor or non-performance.
>
> This *23* day of *October*, *2007*
>
> s/Barry's Flooring
>
> s/Barry M. Wilbert
>
> Barry's Flooring

*Id*. at 630.

This Court found that the language clearly and unambiguously states that Mr. Wilbert guarantees payment of the tenant's obligation to the lessor. Considering the entirety of the lease agreement, this Court found that the company's name by Mr. Wilbert's signature does not "obviate the fact that the clear and unambiguous language created a suretyship agreement in which Mr. Wilbert personally guaranteed Barry's Flooring's obligation to the lessor." *Id.* at 631. This Court found that the notation of a corporate position or of the company's name is "merely a title identification" instead of a signature in a representative capacity, and to construe the contract otherwise would render the guaranty worthless since Barry's Flooring was already obligated to abide by the terms of the agreement.[1] *Id.*

Upon *de novo* review, considering the entirety of the contract, we similarly find that the language contained in the present guarantee—"… I SHALL PERSONALLY OBLIGATE MYSELF AND MY CORPORATION, IF ANY, TO

---

[1] In *Veterans Commercial Properties*, this Court considered its prior opinion in *Pelican Plumbing Supply, Inc. v. J.O.H. Const. Co., Inc.*, 94-991 (La. App. 5 Cir. 3/28/95), 653 So.2d 699, but found it turned "on a different issue." In *Pelican Plumbing*, the credit application contained nearly identical language to that in the present credit application. However, in *Pelican Plumbing*, the trial court considered parol evidence to ascertain the true intent of the guarantor. In the present case, though Mr. Bienvenu argued at the hearing on the motion for summary judgment that he would attest in an affidavit that he had no intention to personally bind himself, no affidavit was provided in support of his motion for partial summary judgment and no parol evidence was considered by the trial court.

PAY THE ENTIRE AMOUNT DUE …"—clearly and unambiguously created a suretyship agreement in which Mr. Bienvenu personally guaranteed and obligated himself to pay any debts Roadwrxx owed to Building Specialties. These words of the contract are clear, unambiguous, and lead to no absurd consequence. Therefore, no further interpretation of the contract may be made, nor consideration of extrinsic evidence be had, in search of the parties' intent. The contract must be enforced as plainly written. La. C.C. art. 2046; *N.E.N.H., L.L.C.*, *supra*. Further, this language clearly demonstrates Mr. Bienvenu's "absolute expression of an intent to be bound" for the debts of Roadwrxx. *See Veterans Commercial Properties*, 67 So.3d at 629.

Also, as per this Court's opinion in *Veterans Commercial Properties*, we find that the notation of "Managing Member" next to Mr. Bienvenu's name is "merely a title identification" and does not "obviate" the clear and unambiguous language of the suretyship agreement created in the contract. Consistent with this Court's opinion in *Veterans Commercial Properties*, to construe the contract otherwise would render the guaranty worthless, since Roadwrxx was already obligated to abide by the terms of the agreement. Accordingly, we find no error in the trial court's judgment which granted Building Specialties' motion for summary judgment on the merits of the claim.

## ANSWER TO THE APPEAL

### *Attorney's Fees for Defending the Appeal*

In its answer to this appeal, Building Specialties seeks additional attorney's fees for defending the appeal. Upon review, we deny Building Specialties' request.

## DECREE

For the foregoing reasons, the trial court's judgment which granted Building Specialties' motion for summary judgment and rendered judgment against Mr.

Bienvenu personally is affirmed.  Building Specialties' request for additional attorney's fees for defending the appeal in its answer to the appeal is denied.

**<u>AFFIRMED; REQUEST FOR ADDITIONAL</u>**
**<u>ATTORNEY'S FEES ON APPEAL DENIED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-72

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
BENJAMIN T. SANDERS (APPELLANT)          F. EVANS SCHMIDT (APPELLANT)          BENJAMIN LAMBERT (APPELLEE)
PAUL S. BRENNAN (APPELLEE)

**MAILED**
BRADLEY J. CHAUVIN (APPELLEE)
BRITNEY A. BERNARD (APPELLEE)
CHARLES F. DISMUKES, II (APPELLEE)
RANDALL C. ROTH (APPELLEE)
SARENA Y. GAYLOR (APPELLEE)
ATTORNEYS AT LAW
3501 NORTH CAUSEWAY BOULEVARD
SUITE 800
METAIRIE, LA 70002