PITT STREET VENTURES, LLC

VERSUS

MAPLE STREET FITNESS, LLC AND KURT WEISER

*       NO. 2025-CA-0567

*

*       COURT OF APPEAL

*

*       FOURTH CIRCUIT

*       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-09621, DIVISION "A-16"
Honorable Ellen M. Hazeur
* * * * * *
**Judge Monique G. Morial**
* * * * * *

(Court composed of Judge Karen K. Herman, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)


John Fitzgerald Lee
Raymond B. Landry
MOLLERE FLANAGAN & LANDRY, L.L.C.
2341 Metairie Road
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLEE


Matthew A. Sherman
Nicholas R. Varisco
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM & HAYES, L.L.P.
One Galleria Bouldevard, Suite 1100
Metairie, LA 70001


      COUNSEL FOR DEFENDANT/APPELLANT


          **AFFIRMED**
          **FEBRUARY 9, 2026**

This appeal arises from a suit on a breach of lease agreement. Appellants, Maple Street Fitness, LLC ("Maple Street") and Kurt Weiser, appeal the trial court's June 10, 2025 judgment finding that Mr. Weiser, in his capacity as an owner/member of Maple Street, personally guaranteed the rental amounts due under the lease agreement with, Appellee, Pitt Street Ventures, LLC, ("Ventures, LLC"). For the foregoing reasons, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2010, 4834 Pitt Street, LLC ("Pitt Street") entered into an office building lease with Maple Street for a five-year term ending on September 30, 2015.[1] Maple Street operated as a gym at the premises located at 4834 Pitt Street. Pursuant to the lease agreement, Kurt Weiser and Martin Larocca, the owners of Maple Street, also executed the following personal guaranty:

> **GUARANTY**. For value received and to induce the Lessor to enter into the foregoing Lease, Kurt Weiser and Martin Larocca (collectively, the "**Guarantors**") hereby make themselves party to the Lease and bind themselves in solido with the Lessee under the Lease for the faithful performance and fulfillment by Lessee of all of Lessee's agreements and obligations contained in the Lease and guarantee to Lessor, the punctual

---

[1] Trevor Calhoun was the owner/manager of 4834 Pitt Street, LLC, the original lessor to the lease in question, and is not a party to the lawsuit that is the subject of this appeal. Steve Reisig is the present owner of Pitt Street Ventures, LLC, the successor-in-interest to 4834 Pitt Street, LLC and the Appellee, herein.

1

payment of all rents due under the Lease and the performance of all other agreements and obligations of Lessee contained in the Lease.

Mr. Weiser signed the lease on behalf of Maple Fitness, the lessee, as the owner. Mr. Weiser and Mr. LaRocca[2] also signed the lease in their individual capacities as guarantors.

On February 1, 2012, the same parties executed a first amendment to the original lease. This amendment extended the initial lease term through February 2017. Section I of the amendment reads as follows:

> This amendment notwithstanding, all of the provision of the Lease not herein amended shall remain in full force and effect. In the event of a conflict between the provisions of this Amendment with the provisions of the Lease, the provisions of the Amendment shall prevail.

Mr. Weiser and Mr. Larocca signed in their capacities as owners on behalf of the lessee, Maple Street. There was no language referencing a personal guaranty in the first amendment.

Subsequently, the parties executed a second amendment to the lease modifying the notice requirement for Maple Street to exercise its option to renew the lease from sixty days (60) to one hundred eighty days (180). The second amendment also contained a paragraph confirming the personal guaranty previously executed by Mr. Weiser and Mr. Larocca in the original lease:

> **AND NOW COME** Kurt Weiser and Martin Larocca, the Guarantors under the Lease who hereby acknowledge and take cognizance of, and consent to and approve, both the First Amendment and this Second Amendment to the Lease, and make themselves party to the First Amendment and this Second Amendment, and who further, ratify and confirm their *in solido* obligations with the Lessee for the full and faithful performance and fulfillment by Lessee of all of Lessee's agreements and obligations contained in the Lease and their guarantee to Lessor of the punctual payment of all Rentals due under the Lease

---

[2] According to Mr. Weiser's trial testimony, Mr. Larocca filed bankruptcy, and they were no longer in contact. Mr. Larocca is not a party to the original lawsuit or the instant appeal.

and the performance of all other agreements and obligation of Lessee contained in the Lease.

On July 7, 2016, 4834 Pitt Street, LLC sold the premises to Ventures, LLC in an Act of Cash Sale.[3] Later that day, Ventures, LLC the successor-in-interest to Pitt Street, LLC, and Maple Street executed a third amendment to the original lease. This final amendment extended the lease term through February 2027 and granted Maple Street an option to purchase thirty percent (30%) interest in Ventures, LLC provided that Maple Street honored all its obligations pursuant to the lease. The third amendment to the lease did not include a personal guaranty provision.

Maple Street stopped paying rent to Ventures, LLC in October 2016. In May 2017, Ventures, LLC sent a notice of default to Maple Street seeking past due rent for the months including October 2016 through February 2017 and late fees. Ventures, LLC subsequently filed a petition for sums due on breach of lease naming Maple Street and Mr. Weiser as defendants. In response, Mr. Weiser filed an exception of no cause of action seeking dismissal of the claims against him and denying that he had personally guaranteed the debts of Maple Street. The trial court denied this exception, maintaining the lawsuit.

Mr. Weiser and Ventures, LLC filed cross-motions for summary judgment in late 2019, and the summer of 2020 respectively. The trial court rendered judgment in November 2020 denying both motions for summary judgment. A one-day bench trial commenced on April 29, 2025. The trial court rendered judgment

---

[3] At the time of the cash sale, Trevor Colhoun, the owner of 4834 Pitt Street, LLC, sold his interest in the building to Martin Larocca and Mr. Weiser, the original members of Pitt Street Ventures, LLC. After executing the Act of Cash Sale, Mr. Larocca and Mr. Weiser then transferred 100% of their ownership interest in Pitt Street Ventures, LLC to B.C. Financial II, LLC, whose members, Steven Reisig and Kristen Early, are presently the owners of Pitt Street Ventures, LLC.

on June 10, 2025 in favor of Ventures, LLC, and against Maple Street and Mr. Weiser, finding that Mr. Weiser personally guaranteed the amounts due under the lease and was obligated to pay those sums. The instant appeal followed.

## ASSIGNMENT OF ERRORS

Maple Street asserts that the trial court committed reversible legal error by inference and presumption in finding that Mr. Weiser personally guaranteed the debts of Maple Street when a contract of suretyship must be express and in writing pursuant to La. C.C. art. 3038.

## LAW AND DISCUSSION

"A contract of guaranty is similar to a contract of suretyship, and the two terms may be used interchangeably." *Bldg. Specialties Co. of Louisiana v. Roadwrxx LLC,* 24-0072, p. 4 (La. App. 5 Cir. 12/4/24), 409 So.3d 817, 820 (citation omitted). Suretyship is an accessory contract in which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. La. C.C. art. 3035. "Suretyship must be express and in writing." La. C.C. art. 3038. "Although a surety's contract need not observe technical formalities, it must contain an absolute expression of intent to be bound." *Veterans Commercial Properties, LLC v. Barry's Flooring, Inc.*, 11-0006, p. 3 (La. App. 5 Cir. 5/24/11), 67 So.3d 627, 629 (citation omitted).

Contracts of guaranty and suretyship are subject to the same rules of interpretation as contracts in general. *Id*. at 629; *see also Roadwrxx LLC*, 24-72, p. 4, 409 So.3d at 821. "Lease is a synallagmatic contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay." La. C.C. art. 2668. Contracts are the law between the parties and are interpreted by

4

their common intent. La. C.C. art. 2045; *Rogers v. Integrated Expl. and Prod., LLC*, 18-0425, p. 12 (La. App. 4 Cir. 2/20/19), 265 So.3d 880, 889 (citations omitted). If the words of a contract are clear, unambiguous, and lead to no absurd consequences, no further interpretation of the parties' intent may be made. La. C.C. art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. C.C. art. 2050. On appeal, "[t]he interpretation of the language of a contract is a question of law subject to *de novo* review, while factual determinations are subject to the manifest error standard of review." *TKTMJ, Inc. v. Sewerage and Water Bd. of New Orleans*, 20-0154, p. 5 (La. App. 4 Cir. 12/16/20), 366 So.3d 276, 283 (quoting *Bodenheimer v. Carrollton Pest Control & Termite Co.*, 17-0595, p. 7 (La. App. 4 Cir. 2/14/18), 317 So.3d 351, 357).

Regarding the present case, Mr. Weiser argues that because the third amendment to the lease does not contain a personal guaranty and is the only document executed between Maple Street and Ventures, LLC, he is not personally liable for the past due rental payments. We do not agree. Pursuant to La. C.C. art. 2726, "[a]n amendment to a provision of the lease contract that is made without an intent to effect a novation does not create new lease." Novation is defined as an extinguishment of an existing obligation by substituting a new one. La. C.C. art. 1879. Pursuant to the statutory law:

> Novation takes place when, by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. If any substantial part of the original performance is still owed, there is no novation. Novation takes place also when the parties expressly declare their intention to novate an obligation. Mere modification of an obligation, made without intention to extinguish it, does not effect a novation. The execution of a new writing, the issuance or renewal of a negotiable instrument, or the giving of new securities for the performance of

5

an existing obligation are examples of such a modification. La. C.C. art. 1881.

"The most important factor in determining whether a novation has been effected is the intent of the parties." *Causeway Equip., Inc. v. Bell*, 579 So.2d 992, 996 (La. App. 5th Cir. 1991) (citation omitted); *see also Midlo and Lehmann v. Katz,* 195 So.2d 386 (La. App. 4th Cir.1967)*.* At trial, Mr. Weiser testified that when he transferred his membership interest in Ventures, LLC to BC Financial, he understood that Ventures, LLC would become the landlord/lessor of Maple Street, and he intended to maintain the lease that was already in place. The third amendment to the lease specifically names Ventures, LLC as the lessor and successor-in-interest to Pitt Street. The third amendment also provides:

> Except as expressly provided herein or as amended by the First Amendment and Second Amendment, all other Sections, paragraphs, clauses and/or provisions of the Lease shall remain unchanged as originally written, and the Lease shall continue as the legal, valid and binding obligation of the Lessor and Lessee and their respective successors and assigns.

Mr. Weiser does not dispute that Maple Street is the lessee in the original lease and throughout its successive amendments. He also does not dispute that he signed the original lease as a member of Maple Street, and that he and his partner, Mr. Larocca, signed the lease as personal guarantors. The record also reflects that in the second amendment to the original lease Mr. Weiser and Mr. Larocca "ratify and confirm their *in solido* obligations…and their guarantee to Lessor of the punctual payment of all Rentals due under the Lease…" Mr. Weiser signed the second amendment in his capacity as owner of Maple Street and also in his individual capacity. In addition, he also executed separate acknowledgements in addenda to the second amendment on behalf of Maple Street and in his individual capacity.

6

After review of the evidence introduced at trial including, Mr. Weiser's own testimony, we do not find that the third amendment to the lease constituted a novation of the principal obligation. The third amendment does not extinguish the principal obligations of the lease, namely the payment of rent by Maple Street to the lessor; instead, the third amendment expresses the intent of both parties that the original lease continues to bind them including their successors and assigns.

The law is well settled that "[a] continuing guaranty remains in full force and effect until revoked by the guarantor, expressly or impliedly, or its effectiveness is extinguished in some other mode recognized by law." *Whitney Nat. Bank v. Zewe*, 619 So.2d 729, 731 (La. App. 4th Cir. 1993) (quoting *Bergman v. Nicholson Mgmt. and Consultants, Inc.*, 594 So.2d 497 (La. App. 4th Cir 1992). Further, the guarantor is responsible for cancelling the guaranty agreement and must prove the cancellation. *Sec. First Nat'l Bank v. Richards*, 584 So.2d 1174, 1180 (La. App. 3d Cir. 1991). La. C.C. art. 3061 provides that a suretyship terminates by notice to the creditor. The jurisprudence explained the importance of notice of termination of suretyship, thusly:

> [I]n the case of a termination of the suretyship, notification that the suretyship is being terminated is necessary. First, it provides a point of reference from which once can determine what obligations that the surety has incurred. Second it places the creditor on notice that the surety will no longer be bound for future obligations of the principal debtor. This allows the creditor to make an informed decision as to whether he will continue to extend funds to the principal debtor.

*Whitney Nat. Bank v. Zewe*, 619 So.2d at 731.

As noted by the trial judge in her written reasons for judgment, the record is devoid of any evidence that Mr. Weiser terminated the guaranty agreement.

7

## **DECREE**

Based upon our *de novo* review, considering the original lease and its three amendments, we find that Mr. Weiser bound himself *in solido* with Maple Street Fitness, the lessee, personally guaranteeing the punctual payment of rent to Pitt Street and its subsequent successor-in-interest, Ventures, LLC. Accordingly, we find no error in the trial court's judgment which cast Maple Street Fitness and Kurt Weiser in judgment in the amount of thirty-eight thousand eight hundred seventeen dollars and eighty-five cents ($38,817.85) for past due rent and one thousand nine hundred forty dollars and eighty-nine cents ($1,940.89) in late fees. For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**